[796 NYS2d 245]

In the Matter of CONRAD J. STRABONE (Admitted as CONRAD JOSEPH STRABONE), an Attorney, Resignor.

Second Department, June 13, 2005

**APPEARANCES OF COUNSEL**

*Conrad J. Strabone,* Jackson Heights, resignor pro se.

*Diana Maxfield Kearse,* Brooklyn (*Diana Szochet* of counsel), for Grievance Committee for the Second and Eleventh Judicial Districts.

**OPINION OF THE COURT**

Per Curiam.

Conrad J. Strabone has submitted an affidavit dated March 3, 2005, wherein he tenders his resignation as an attorney and counselor-at-law (see 22 NYCRR 691.9). Mr. Strabone was admitted to the bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on February 15, 1978, under the name Conrad Joseph Strabone.

Mr. Strabone avers that his resignation is freely and voluntarily rendered, that he is not being subjected to coercion or duress, and that he is fully aware of the implications of its submission, including being barred by Judiciary Law § 90 from seeking reinstatement for at least seven years.

Mr. Strabone is aware that he is the subject of an investigation by the Grievance Committee for the Second and Eleventh Judicial Districts into nine complaints of professional misconduct filed against him by clients, alleging, inter alia, failure to maintain adequate communication. He is further aware that he is the subject of three sua sponte complaints initiated by the Grievance Committee pursuant to the dishonored check reporting rules (see 22 NYCRR 1300.1). He acknowledges his inability to successfully defend himself on the merits against charges predicated upon the misconduct under investigation.

Mr. Strabone's resignation is submitted subject to any application which could be made by the Grievance Committee for an order directing that he make restitution and that he reimburse the Lawyers' Fund for Client Protection pursuant to Judiciary Law § 90 (6-a). He acknowledges the continuing jurisdiction of the Appellate Division, Second Department, to make such an order. He is aware that any order issued pursuant to that statute could be entered as a civil judgment against him and he specifically waives the opportunity afforded by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The Grievance Committee recommends acceptance of Mr. Strabone's resignation.

Inasmuch as the proffered resignation complies with all pertinent Court rules, it is accepted, and, effective immediately, Conrad J. Strabone is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law.

PRUDENTI, P.J., FLORIO, H. MILLER, SCHMIDT and SKELOS, JJ., concur.

Ordered that pursuant to Judiciary Law § 90, effective immediately, Conrad J. Strabone, admitted as Conrad Joseph Strabone, is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Conrad J. Strabone, admitted as Conrad Joseph Strabone, shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Conrad J. Strabone, admitted as Conrad Joseph Strabone, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if Conrad J. Strabone, admitted as Conrad Joseph Strabone, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and he shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).